Citation Nr: AXXXXXXXX
Decision Date: 07/29/21 Archive Date: 07/29/21

DOCKET NO. 200708-95631
DATE: July 29, 2021

REMANDED

Entitlement to service connection for prostate cancer is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from June 1977 to May 1999, including foreign service in Germany. For his meritorious service, the Veteran was awarded (among other decorations) the Defense Meritorious Service Medal, the Meritorious Service Medal, and the Army Commendation and Achievement Medals.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a May 2020 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). Given the date of this rating decision, the Veteran's appeal is governed by the modernized review system (known by the Board as AMA). 38 C.F.R. § 19.2.

On his July 2020 Notice of Disagreement (NOD) to the Board, the Veteran selected the hearing lane. The requested hearing was provided in March 2021, and a copy of this transcript has been associated with the record.

Of note, the Veteran's claim was reconsidered in an August 2020 rating decision upon the RO's receipt of additional medical records. However, it is the May 2020 rating decision which is on appeal, such that the Board may only consider the evidence of record at the time of the May 2020 rating decision, and that received within 90 days of the March 2021 hearing, herein. 38 C.F.R. § 20.301.

In this respect, evidence was added to the claims file during a period of time when new evidence was not allowed, including relevant treatment records. As the Board is remanding the matter for further development, this additional evidence will be considered by the RO in its readjudication of the claim. 

In issuing this remand, the Board recognizes that, post-AMA, it may only remand an issue to correct a pre-decisional duty to assist or notify error. 38 C.F.R. § 20.802. Such an error exists in this case.

Specifically, a VA nexus opinion was obtained in May 2020. This opinion is inadequate for several reasons, to include the examiner's failure to consider significant evidence of in-service symptoms (including notations of chronic rectal bleeding and a colonoscopy conducted immediately prior to separation). Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). This opinion also fails to account for all theories of entitlement as presented by the Veteran. See, e.g., April 2020 lay statement. Accordingly, an addendum opinion is required.

The matter is REMANDED for the following action:

Obtain an opinion addressing the questions below. If the reviewing examiner determines that the opinions requested may not be offered without first examining the Veteran, then consider whether a telehealth interview may be appropriate. Schedule an in-person examination only if deemed necessary to answer the questions below. 

The claims file and a copy of this remand must be made available for review, and the examination reports must reflect that review of the claims file occurred. 

In particular, the examiner should offer opinions as to the following:

(1) Indicate whether the Veteran has demonstrated prostate cancer, or the residuals thereof, during the period on appeal. If residuals are reported, the examiner should explicitly identify the nature of such.

(2) If the examiner determines that the Veteran does not currently suffer from prostate cancer or its residuals, then the examiner should state whether any identified prostate disability had its onset during or is otherwise related to the Veteran's active service.

(3) If the examiner determines that the Veteran does have prostate cancer or its residuals, opine as to whether it is at least as likely as not (50 percent probability or more) that the disability began in service, was caused by service, or is otherwise related to service?

The examiner must account for ALL in-service symptoms and treatment, including reports of chronic rectal bleeding and an in-service colonoscopy performed in March 1999.

The examiner must also account for all theories of entitlement raised by the Veteran in an April 2020statement, including that his current disability is related to in-service bladder weakness; recurring polyps; back and hip pain; hemorrhoids; elevated PSA levels; and recurring kidney infections.

Finally, the examiner should address an article provided by the Veteran in April 2020 regarding hematochezia. 

In formulating the opinion, the examiner is advised that the term "at least as likely as not" does not mean "within the realm of possibility." Rather, it means that the weight of the medical evidence for and against the claim is so evenly divided that it is as medically sound to find in favor of the claim as it is to find against it. 

A complete rationale must be provided for all opinions or conclusions expressed. If any clinician is unable to provide an opinion without resorting to speculation, he or she must explain why this is so.

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. Kovarovic, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.